# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH COPPOLA, | : | CIVIL ACTION NO. 3:17-cv-0612 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| DAVID J. EBBERT, | : | |
| Respondent | : | |

## MEMORANDUM

### I. Background

Joseph Coppola filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging numerous Disciplinary Hearing Officer (DHO) decisions in which he claims his due process rights were violated. As relief, he seeks the restoration of all good time credit (GTC) he lost because of these disciplinary actions. Coppola was a federal inmate incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, when he filed his petition.

The Court will dismiss the petition as moot because Coppola was released from custody on January 26, 2018, via good conduct time release, and thus any relief by way of habeas is no longer available.

## II. Discussion

Federal habeas review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 – 43 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008) (nonprecedential).

The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); Rendell v. Rumsfeld, 484 F.3d 236, 240 – 42 (3d Cir. 2007). This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002). The crucial issue is "some concrete and continuing injury other than the now-ended incarceration or parole." Spencer, 523 U.S. at 7, 118 S.Ct. at 983. Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. Spencer, 523 U.S. at 7 –

8, 118 S.Ct. at 983. By contrast, challenges to the execution of a sentence that has already been served will not be presumed. Spencer, 523 U.S. at 12 – 14, 118 S.Ct. at 985.

Respondent has filed a suggestion of mootness, citing Coppola's January 26, 2018 release from prison. (Doc. 15, Suggestion of Mootness). Once Coppola served his entire term of imprisonment, and was released upon its completion, his good time credits ceased to have any effect "either to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violations of parole or mandatory release." 28 C.F.R. § 2.35(b)(2012); see also 28 C.F.R. § 523.2(c). Under these circumstances, Coppola cannot demonstrate any continuing collateral consequences or injury because his release eliminates the Court's ability to grant him any relief. As no live controversy remains, Coppola's Petition for Writ of Habeas Corpus will be dismissed as moot. See Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008) (nonprecedential).

A separate Order will be issued.

**Date: April 18, 2018**      /s/ William J. Nealon
                              **United States District Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JOSEPH COPPOLA, | : | CIVIL ACTION NO. 3:17-cv-0612 |
| --- | --- | --- |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| DAVID J. EBBERT, | : | |
| Respondent | : | |

## ORDER

**AND NOW, THIS 8th DAY OF APRIL, 2018**, in accordance with the accompanying Memorandum issued on this date, **IT IS HEREBY ORDERED THAT**:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as **MOOT**.

2. The Clerk of Court shall **CLOSE** this file.

Date: April 18, 2018     /s/ William J. Nealon
**United States District Judge**